**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 3 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CHARLES HENRY TYSON,

      Petitioner - Appellant,

      v.

BOBBY BOONE,

      Respondent - Appellee.

No. 98-6470
(D. Ct. No. 97-CV-276-L)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **McKAY**, and **MURPHY**, Circuit Judges.

    After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

    This appeal is from an order of the district court denying petitioner Tyson's petition for a writ of habeas corpus sought pursuant to 28 U.S.C. § 2254. Petitioner seeks a certificate of appealability in this court and alleges that the

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

district court erred when it failed to find constitutional errors related to ineffective assistance of trial counsel, the information failed to allege elements of the underlying offense, the state trial court lacked a factual basis for sentencing, and the trial court failed to hold a hearing to determine petitioner's competency to stand trial. We deny a certificate of appealability on all issues.

Petitioner pled guilty to first degree murder in the state courts of Oklahoma and was sentenced to life imprisonment. He filed various post-conviction pleadings and state court collateral attacks prior to filing his 28 U.S.C. § 2254 petition. The magistrate judge's report and recommendation contains a thorough review of the proceedings in the state court and the application of the procedural default rule to these proceedings. We have "held that the failure to raise a claim of ineffective assistance of counsel on direct review will not preclude federal review of that claim," notwithstanding Oklahoma's procedural default rule, when petitioner raises it in his application for post-conviction relief. Brewer v. Reynolds, 51 F.3d 1519, 1522 (10th Cir. 1995) (citing Brecheen v. Reynolds, 41 F.3d 1343, 1363-64 (10th Cir. 1994)). Here, the ineffective assistance of counsel exception to the procedural default rule does not apply because petitioner failed to raise the issue on direct appeal and failed to raise it in his first application for post-conviction relief. Thus, petitioner's ineffective assistance of counsel claim cannot serve as cause for his default in this case.

The magistrate judge recommended denying the petition for a writ of habeas corpus and certificate of appealability.  In his objections to the magistrate's report, petitioner contended that the magistrate judge erred by failing to hold an evidentiary hearing on Mr. Tyson's ineffective assistance of counsel claim.  We agree with the district court that the magistrate judge correctly determined that the petition should be denied.  Although petitioner attempted to put forward affidavits showing ineffective assistance of counsel through a failure to notify petitioner of the right to appellate review, the district court noted that the record contains no evidence that calls into question petitioner's competency at the time of the offense or at the time he entered his guilty plea.

This court has reviewed petitioner's request for a certificate of appealability, his appellate brief, the district court order, and the entire record on appeal.  That review demonstrates that the district court's order denying relief is not deserving of further proceedings, debatable among jurists of reason, or subject to different resolution on appeal.  See Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983).  Accordingly, petitioner has not made a substantial showing of a denial of a federal right and is not entitled to a certificate of appealability.  We deny petitioner's request for a certificate of appealability for substantially the reasons set out in the report and recommendation of the magistrate judge.  We dismiss the appeal.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge